**JON M. SANDS**
Federal Public Defender
**JAMIEL ALLEN**
Assistant Federal Public Defender
State Bar No. 024631
407 W. Congress, Suite 501
Tucson, AZ 85701-1310
Telephone: (520) 879-7500
Email: Jamiel_allen@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Of America,<br><br>Plaintiff,<br><br>v.<br><br>Evgenii Glushchenko,<br><br>Defendant. | **CR-19-03277-001-TUC-RM (EJM)**<br><br>MOTION FOR REVIEW OF DENIAL OF PRETRIAL RELEASE<br><br>(Oral Argument Requested) |

This motion may cause excludable delay under 18 U.S.C. § 3161(h)(1)(D).

Defendant, Evgenii Glushchenko, through counsel, moves for review of the Magistrate Judge's order of detention pursuant to 18 U.S.C. § 3145(b).

**1. BACKGROUND**

On November 14, 2019 Customs and Border Patrol agents received a radar hit from a camera sensor that indicated a group of individuals were walking in the desert. Agent Gregory used an Integrated Fixed Tower (IFT) camera to attempt to locate the individuals. Agent Gregory observed an unidentified individual (later identified as Evgenii

Glushchenko) just east of Lukeville, Arizona. Agent Gregory radioed for assistance to locate. Agent A.L. responded and located Mr. Glushchenko in the desert. Mr. Glushchenko is reported to have jumped up from the brush and ran. Agent A.L. ran after Mr. Glushchenko, at which point Mr. Glushchenko appeared to fall to the ground. Agent A.L. and Mr. Glushchenko fell out of camera view. A struggle ensued and Agent A.L. fired from the hip, shooting Mr. Glushchenko in the upper thigh.

On January 8, 2020, Magistrate Judge Markovich conducted Mr. Glushchenko's detention hearing. The Magistrate found:

> **Findings of Fact and Statement of Reasons**
> (1) There is probable cause to believe that the defendant has committed an offense.
> (2) There is a serious risk that the defendant will not appear.
> (3) Defendant is a citizen of another country, illegally in the United States of America.
> (4) Defendant does not have sufficient ties to the community.
> (5) The reports from Pretrial Services Agency are adopted as the further findings of this Magistrate Judge.

(Doc. 16).

## 2. LAW

A person ordered detained by a magistrate may file a motion for revocation of the order with the District Court. 18 U.S.C. § 3145(b). Review is de novo. *United States v. Koening*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). "[T]he district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings" or "ultimate conclusion." *Id.*

The Bail Reform Act mandates release pending trial unless a judge determines that "no condition or combination of conditions will reasonably assure" the defendant's

appearance and the safety of the community. 18 U.S.C. § 3142(b), (e)(1). "Only in rare cases should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The Government bears the burden to prove by a preponderance of the evidence that no conditions will ameliorate any serious flight risk, or by clear and convincing evidence that no conditions will ameliorate any danger to the community. *Id.* Certain factors must be considered. 18 U.S.C. § 3142(g).[1]

### 3. ARGUMENT

#### a. Mr. Glushchenko's risk factors should be re-assessed now that United States Pretrial services can verify community ties.

##### i. Flight Risk

Mr. Glushchenko presents a low risk of flight that can be ameliorated by conditions of release. He is a 37-year-old Russian citizen seeking asylum from Russia because he and his wife, Katrina Azarova, are Jehovah's witnesses. The Washington Post and Time magazine, amount others, have recently reported an escalation of arrests, detentions, jail sentences, and banned congregation, of practicing Jehovah's Witnesses in Russia.[2] Mr.

---

[1] These factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and criminal history; (4) whether at the time of the current arrest the defendant was on probation, on parole, or on other release; and (5) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

[2] https://time.com/5751224/jehovahs-witness-russia-persecution/; https://www.washingtonpost.com/opinions/global-opinions/russia-must-stop-persecuting-

Glushchenko's Pretrial Services report reflects employment history, no drug use, and no criminal history. His parents are deceased. His closest family – wife and child – both reside in Maricopa County. Mrs. Azarova applied pro se for affirmative asylum before the United States Court of Immigration Services. Currently, she is waiting for USCIS to schedule her interview with an asylum officer. She resides in Maricopa County as reported by United States Pretrial Services. After Mr. Glushchenko's detention hearing, his wife able to speak with Pretrial services and confirm the aforementioned information. Two letters are attached that reflect Mr. Glushchenko's character and community ties. Exhibit 1a-b.

Mr. Glushchenko presents no flight risk that cannot be ameliorated by conditions of release.

### ii. Danger to the Community

The Magistrate Judge found Mr. Glushchenko posed a flight risk upon unverified information. The Magistrate Judge did not find Mr. Glushchenko posed a danger to the community and the government does not appear to seek detention on grounds of dangerousness.

### b. Release conditions exist to reasonable assure Mr. Glushchenko's appearance and more than adequately address flight risk concerns.

Mild release conditions to reasonably assure Mr. Glushchenko appears at future court proceeding are available to the Court. He has no substance abuse issues to cause the Court concern over appearance or treatment. He has presented no outward manifestation

---

jehovahs-witnesses/2019/01/25/aaf0e6a8-20c9-11e9-8e21-59a09ff1e2a1_story.html. Last visited 1/27/2020.

of need for mental health treatment. Still, any concern related to mental health can be routinely addressed through outpatient screening for mental health needs. Mr. Glushchenko plans to live with his wife if released. The nature of the charges and applicable punishment is not overwhelming to the extent that the defendant would seek to avoid consequence through flight. A variety of conditions, such as curfew or electronic monitoring, are also available to the Court. Mr. Glushchenko wishes to be in the United States and plans to seek asylum. His wife and child live in Maricopa County. He has compelling reasons to stay in Arizona and appear for court proceedings.

**4. CONCLUSION**

Mr. Glushchenko respectfully requests that this Court release him on his own recognizance pending trial.

RESPECTFULLY SUBMITTED this        January 29, 2020.

                                         JON M. SANDS
                                         Federal Public Defender

                                         *s/ Jamiel Allen*
                                         JAMIEL ALLEN
                                         Assistant Federal Public Defender

Copy of the foregoing has been provided
by electronic transmittal via the CM/ECF System:

Jesse Fiqueroa, Assistant
United States Attorney

5