**JON M. SANDS**
Federal Public Defender
**JAMIEL ALLEN**
Assistant Federal Public Defender
State Bar No. 024631
407 W. Congress, Suite 501
Tucson, AZ 85701-1310
Telephone: (520) 879-7500
Email: Jamiel_allen@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Of America, | CR-19-03277-001-TUC-RM (EJM) |
| Plaintiff, | DEFENDANT'S MOTION FOR RELEASE HEARING BEFORE THE MAGISTRATE JUDGE |
| v. | |
| Evgenii Glushchenko, | |
| Defendant. | |

This motion may cause excludable delay under 18 U.S.C. § 3161(h)(1)(D).

Defendant, Evgenii Glushchenko, through counsel, moves for a release hearing before a magistrate judge. (Doc. 28.) On February 12, 2020, the District Court imposed release conditions and set a $2,000. Defense counsel was instructed to request a hearing before the magistrate judge to review conditions once the bond poster was prepared to post the secured bond. *id.* Defense counsel postponed requesting release hearing for reasons of judicial economy – the government advised it would seek a hearing to review the District Court's release order. However two continuances – the first due to defense counsel's

1

unavailability and a second due to a public health pandemic – now place Mr. Glushchenko's liberty and health pending trial at risk.

## 1. BACKGROUND

On November 14, 2019, Evgenii Glushchenko was arrested by Customs and Border Patrol for illegal reentry and assault on a Federal agent. The Border Patrol agent shot Mr. Glushchenko in the thigh during the course of apprehension. On January 8, 2020, Magistrate Judge Markovich detained Mr. Glushchenko's as a flight risk based on lack of confirmed community ties.  (Doc. 16.) On January 29, 2020, defense counsel filed a motion for revocation of the Magistrate's order of detention before the District Court. On February 12, 2020, the District Court held a hearing and granted the Defendant's motion and order for release on conditions and set a $2,000 bond; but deferred review of the Defendant's release conditions until a hearing could be set before the magistrate judge.[1] (Doc. 28.)

On or about February 24, 2020, the government advised defense counsel that it would promptly seek reconsideration of the Court's order releasing Mr. Glushchenko. As grounds, the government presented a report, dated September 7, 2018, in which Deportation Officer Ivan Chokan wrote that Katherine Azarova said she is not yet married to Mr. Glushchenko. This conversation reportedly happened on September 7, 2018 – eighteen months ago. Mr. Glushchenko and Mrs. Azarova verbally indicated to Pretrial Services that they are married. Officer Chokan wrote that he is a native Russian speaker

---

[1] More time than normal was needed for the bond surety to be posted and schedule a Russian interpreter for the hearing.

2

and overheard the conversation in Russian. On February 25, the government filed a motion for reconsideration. (Doc. 30.) Defense counsel postponed a request for release hearing to find out if the Court would set a hearing on the government motion to review the Court's release order. The Court set a hearing on March 16, 2020. Defense Counsel was unavailable and filed a motion to continue. (Doc. 32). The hearing was reset for April 1, 2020. The hearing was again reset to May 19, 2020, in the midst of the World Health Organization officially classifying COVID-19 as a pandemic.[2]

## 2. LAW AND ARGUMENT

The District Court ordered Mr. Glushckenko released on specified conditions and to the Third Party Custody of Katherine Azarova. See Doc. 28, 18 USC § 3142(c). Mr. Glushchenko seeks execution of the Court order. The government's request for reconsideration is a request that does not require revocation of the Court order. In addition, the current COVID-19 pandemic is sufficient for the Court to permit temporary release pursuant 18 U.S.C. 3142(i)(4).

The Court ordered Mr. Glushchenko released on February 12, 2020. The bond poster advised defense counsel that two weeks was needed to secure the bond money. During this time the government advised defense counsel that it would promptly seek a

---

[2] *WHO Characterizes COVID-19 as a Pandemic*, World Health Organization (March 11, 2020) https://bit.ly/2W8dwpS. As of March 13, 2020, SARS-COV-2, a novel coronavirus causing COVID-19, has infected over 43,024 cases of coronavirus confirmed by lab tests and 536 deaths in the United States. *See* https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (March 24, 2020)

3

hearing for reconsideration – which it did. Defense counsel sought to address both matters simultaneously for purposes of judicial economy. Yet, a series of inauspicious events has unduly delayed Mr. Glushchenko's liberty pending trial. The government's motion for reconsideration was set on March 16, 2020. Defense counsel was unavailable and moved to continue. The hearing was reset for April 1, 2020.

Second, since Mr. Glushchenko's February 12th hearing, the unprecedented and extraordinarily dangerous nature of the COVID-19 pandemic has become apparent. No known COVID-19 outbreak among Arizona jail and prison populations have been reported. Yet, this virus is now reported to have spread at an alarming rate through jails and prisons in New York, California, Pennsylvania, and Michigan.[3] Mr. Glushchenko, is 37 years-old, is not in optimal health, and still has a bullet fragment in his thigh. In fact, it took three attempts to conduct Mr. Glushchenko's arraignment because of health concerns. His leg remains bandaged three months after being shot by the Border Patrol agent. Mr. Glushchenko still uses a wheelchair and wears a foot boot. These are all indications that medical treatment has not been addressed in a timely manner.

Mr. Glushchenko's release on conditions calls for nothing more than review of imposed conditions with the defendant and third party custodian and presentment of the secured bond. The unscrutinized report of a deportation officer's documentation of a statement, eighteen months ago, in another language, about Mr. Glushchenko's

---

[3] https://www.nytimes.com/aponline/2020/03/21/us/ap-us-virus-outbreak-inmates.html?searchResultPosition=1 (March 23, 2020)

4

relationship status does not materially change the finding by the District Court that conditions exist to reasonably assure the Defendant's appearance. Further delay may also unnecessarily exposes Mr. Glushchenko to COVID-19 at a time when the public is encouraged, and in some places ordered, to shelter in place. In jails "[t]he probability of transmission of potentially pathogenic organisms is increased by crowding, delays in medical evaluation and treatment, rationed access to soap, water, and clean laundry, [and] insufficient infection-controlexpertise." *See, e.g.*, Joseph A. Bick, *Infection Controlin Jails and Prisons*, 45 ClinicalInfectious Diseases 1047, 1047(Oct. 2007), https://doi.org/10.1086/521910.

### 3. CONCLUSION

Mr. Glushchenko seeks a release hearing before the without undue delay because his bond conditions can now be met.

RESPECTFULLY SUBMITTED this   March 24, 2020.

JON M. SANDS
Federal Public Defender

*s/ Jamiel Allen*
JAMIEL ALLEN
Assistant Federal Public Defender

Copy of the foregoing has been provided
by electronic transmittal via the CM/ECF System:

Jesse Fiqueroa, Assistant
United States Attorney

5