# UNITED STATES DISTRICT COURT
## ARIZONA – TUCSON

April 10, 2020

USA v. Evgenii Glushchenko

Case Number: CR-19-03277-001-TUC-RM (EJM)

## ORDER SETTING CONDITIONS OF RELEASE

Defendant is ORDERED released on bond:
Amount of bond is $ 2000.00 and is SECURED by Cash.

**NEXT APPEARANCE:** as directed by the Court.



FILED ✓   LODGED
RECEIVED   COPY

APR 1 3 2020

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:

1. Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

2. Defendant shall not commit any federal, state or local crime.

3. Defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

4. Defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR TO any change in residence address, mailing address or telephone number.

5. Defendant shall report as directed to the U.S. PRETRIAL SERVICES 1-800-758-7505 or 520-205-4350; 405 W. Congress St., Suite 2633.

6. Defendant shall abide by the following restrictions on his or her personal associations, place of abode or **travel**: THE DEFENDANT SHALL NOT TRAVEL OUT OF THE STATE OF ARIZONA, UNLESS EXPRESS PRIOR COURT PERMISSION IS GRANTED TO TRAVEL ELSEWHERE.

7. Defendant shall be released to the **third party** custody of Katherine Azarova and shall reside with the third party custodian unless Pretrial Services approves the defendant to reside elsewhere.

8. Defendant shall consume no alcohol. Defendant shall participate in alcohol treatment as directed by Pretrial Services and submit to alcohol testing, including breathalyzer testing and make copayment toward the cost of such services, as directed by Pretrial Services.

9. Defendant shall submit to the location monitoring technology at the Officer's discretion and abide by all of the program requirements and instructions provided by the Pretrial Services

CC:   Pretrial Services, USM

Officer or Supervising Officer related to the proper operation of the technology. The defendant must pay all or part of the cost of the program based upon your ability to pay as the Pretrial Services office or Supervising Officer determines.

10. The defendant shall surrender all travel documents to Pretrial Services by April 24, 2020, and will not obtain a passport or other travel document during the pendency of these proceedings.

11. The defendant shall not possess or attempt to acquire any **firearm**, destructive device, or other dangerous weapon or ammunition.

12. The defendant shall participate in the following location monitoring program component and shall abide by all program requirements. The defendant shall pay all or part of the cost of the participation in the location monitoring program as directed by the Court or Pretrial Services.

    **Home Detention:** The defendant is restricted to his/her residence at all times except for; employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by Pretrial Services.

13. Pretrial Services shall be authorized to communicate supervision directives and case information to the defendant via the third-party custodian as needed when the services of the court interpreter are unavailable.

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, forfeiture of bond, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine, or both. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both:

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENTS

I, the Defendant, acknowledge I am aware of the conditions of my release. I promise to obey all conditions, appear as directed and surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| 4-10-20 | *[signed]* (Jamie Allen for Defendant) | Ref Pretrial Services Report - not public record |

**Custodian/Surety** agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| DATE | SIGNATURE OF CUSTODIAN/SURETY |
|---|---|
| 4-10-20 | *[signed]* |

**This order authorizes the U.S. Marshal to release the defendant from custody Bag and Baggage set 4/13/2020 from the Federal Courthouse in Phoenix, Arizona, to facilitate location monitoring.**

Case Number: CR-19-03277-001-TUC-RM (EJM)                April 10, 2020
USA v. Evgenii Glushchenko                                Page 4 of 4

**Bond set by:** Rosemary Márquez/ Eric Markovich     **Defendant released by:** Eric Markovich

Signed before me on this date: 4/10/2020

By U.S. Magistrate Judge: _____

Witnessed and acknowledged before:

| DATE | SIGNATURE OF WITNESS |
|---|---|
| 4-10-20 | |