Faisal Ullah (Bar No. 020532)
Alcock & Associates, P.C.
2 N. Central Ave., 26th Floor
Phoenix, Arizona 85004
Telephone: (602) 404-6000
fullah@alcocklaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Evgenii Glushchenko,<br><br>  Defendant. | **Case No: 4:19-CR-03277-JCH-1**<br><br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant Mr. Glushchenko, through Counsel, hereby submits his Sentencing Memorandum.

**I.    Background of the case.**

Defendant is before the Court for Sentencing, having previously pleaded guilty to the offense of Illegal Reentry.

**II.    Sentencing range.**

According to the PSR calculations, Mr. Glushchenko's USSG sentencing range is zero to six months. He has been in detention in form or another since November 14, 2019, although his official presentence incarceration credit appears to be 151 days.

**III.    Requested sentence.**

Defendant respectfully requests this Honorable Court to accept the plea agreement's time-served stipulation and sentence Defendant accordingly. Mr. Glushchenko is amendable to any applicable Supervised Release conditions. In support, Mr. Glushchenko lists the following factors for the Court's review.

**IV. Mitigating Factors**

A. Nature of the Offense.

Defendant's criminal conduct is a status offense. It represents a crossing of an international boundary. The offense of Illegal Reentry does not involve any victims.

B. Acceptance of Responsibility.

Although Defendant has accepted responsibility for his offense, the PSR does not give him credit for it. It states that Defendant "has not clearly demonstrated acceptance of responsibility for the offense." Counsel Undersigned finds this explanation unsupported by the record. Perhaps the PSR is withholding the credit because Defendant did not answer questions due to the public nature of the interview. To that end, he requested that the interview be conducted in a confidential setting but was informed it could not be reset due to time constraints. Exhibit A.

Counsel Undersigned submits that Defendant's decision to plead guilty demonstrates a willingness to accept punishment for his crime and make amends to society.

C. Defendant will be deported.

The consequence of deportation mitigates the amount of imprisonment necessary to punish. See United States v. Mendez-Velarde, 798 F.Supp. 2d 1249 (D.N.M. 2011)

(varying downward eighty months for myriad of reasons, including defendant's deportation following his sentence). See also Jordan v. De George, 341 U.S. 223, 232 (Jackson, J., dissenting) (deportation is "a life sentence of banishment in addition to the punishment which a citizen would suffer from the identical acts.").

Some circuits have stated that the defendant's deportability may be considered as a variance factor. See, e.g., US v. Thavaraja, 740 F.3d 253, 263 (2d Cir. 2014) (holding that "a district court may take into account the uncertainties presented by the prospect of removal proceedings and the impact deportation will have on the defendant and his family"); US v. Morales-Uribe, 470 F.3d 1282, 1287 (8th Cir. 2006) (observing that "the need to protect the public from a defendant may be reduced in a case where, upon immediate release from incarceration, the Government will deport the defendant.").

### D. Defendant is in poor health.

Defendant suffered a stroke in 2016. He was also shot in the leg while in Russia in 2017, resulting in a loss of feeling and use of his leg. He has a history of dehydration, anorexia & weakness, paranoia, psychosis, and schizophrenia. During the pendency of this case, Defendant has been in and out of immigration and medical facilities.

### E. Criminal History.

Defendant has no prior criminal history.

### F. Pre-sentence incarceration.

Defendant has been in detention since his arrest in November of 2019. He was permitted released on bond in April of 2020 but was released to ICE instead, where he has since remained repeatedly getting shifted between detention and medical facilities.

**V. Conclusion.**

Defendant has come before this Court begging for leniency. Defendant has accepted responsibility for his actions. Defendant requests that this Honorable Court consider the above when handing down sentence.

Counsel Undersigned respectfully submits that, given the circumstances of Defendant's case, a sentence of time served as stipulated is sufficient to serve the objectives of sentencing. Under the circumstances of the case, a time served sentence with Supervised Release would reflect the seriousness of the offense, would promote respect for the laws, would afford adequate deterrence, would protect the public, and would satisfy all other requirements of 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED this 25 day of June, 2021.

By: */s/ Faisal Ullah*
Faisal Ullah

<u>Certificate of Service:</u>

I hereby certify that on 6.25.21 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Assigned AUSA